Defendant-appellant, Richard Schoonover, appeals his conviction in the Jefferson County Common Pleas Court for breaking and entering and theft.
In the early morning hours of December 27, 1996, Charlotte Sweeney, a resident of Steubenville, Ohio, was awakened by the sound of car doors slamming shut and persons talking outside. From her bedroom window, Sweeney observed four people get out of a small red car and walk next door to appellant's mother's residence. After several minutes, Sweeney observed some of the persons leaving in a white Chevrolet van. Approximately twenty minutes later, the van returned and Sweeney wrote down the license plate number.
Sweeney observed appellant, along with several other persons, exit the van. Sweeney was familiar with appellant because of a previous business dealing with him. Also, Sweeney had seen appellant on numerous occasions visiting his mother's residence, which was next door to Sweeney's.
Next, Sweeney observed appellant and the others enter the garage of a neighbor, David Pawelczyk. Sweeney observed appellant and the others taking numerous items from the garage. Sweeney took notes of the items removed. Approximately twenty minutes later, appellant and the others got in the van and drove away.
Pawelczyk reported the theft in the morning. Sweeney reported her observations a few days later on December 30, 1996, to Detective John Lelless of the Steubenville Police Department. That same day, Detective Lelless located the van behind appellant's residence. The van was bearing the same plates that were observed by Sweeney. The plates were registered in the name of appellant's mother, Beverly Wells.
On March 12, 1997, a Jefferson County Grand Jury indicted appellant on one count of felony theft in violation of R.C.2913.02 (A) (1) and one count of breaking and entering in violation of R.C. 2911.13 (A). On May 20, 1997, a jury found appellant guilty on both counts. On July 1, 1997, the trial court sentenced appellant to ten months imprisonment for the theft conviction and eleven months imprisonment for the breaking and entering conviction, said terms to be served consecutively for a total of twenty one months imprisonment. This appeal followed.
At the outset, we note that plaintiff-appellee, State of Ohio, has failed to file a brief in this matter. Therefore, pursuant to App.R. 18 (C), "this court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.
Appellant alleges in his sole assignment of error that:
 "THE TRIAL COURT ERRED BY ACCEPTING VERDICTS OF GUILTY TO BOTH COUNTS OF THE INDICTMENT WHEN SAID VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
In determining whether a verdict is against the manifest weight of the evidence, a court of appeals must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Thompkins (1997), 78 Ohio St.3d 380, 386. "Weight of the evidence concerns `the inclination of the greateramount of credible evidence, offered in a trial, to support one side of the issue rather than the other."' Id. (Emphasis sic.). In making its determination, a reviewing court is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial.Id., at 390 (Cook, J., concurring)
Appellant presents no case law in support of his argument that the jury's verdict was against the manifest weight of the evidence. Rather, appellant advances several factual arguments that simply highlight the conflicting nature of some of the testimony. Although in some instances appellant presented contrary evidence, the greater amount of credible evidence supported the state's version of events. Furthermore, the weight to be given to the evidence and the credibility of the witnesses are primarily for the trier of facts. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
First, appellant attempts to discount Sweeney's testimony concerning her observations of the van. Appellant points to his girlfriend's testimony that appellant owns a blue Caravan van, and not the white one as testified to by Sweeney. She also testified that the white van had a large box in it that would have made it impossible for any more items to be put in it. Appellant also points to his mother's testimony that the van was owned by her husband, John Wells, and that it has been inoperable since October 1996.
Sweeney testified that she observed appellant taking items from Pawelczyk's garage and putting them into a white van. Sweeney wrote down the number of the license plate that the van was displaying at that time. Three days later, Detective Lelless found the same van bearing the same plates in appellant's backyard.
Second, appellant argues that Sweeney was biased against him. In the fall of 1996, Sweeney's car windows had been shot out with a pellet gun. Appellant points to the testimony of his mother that Sweeney had accused appellant and his brothers of damaging the vehicle. In contrast, Sweeney testified that she had never suspected or accused appellant of the incident.
Third, appellant questions the testimony concerning his alleged entry into Pawelczyk's garage. Appellant points to Pawelczyk's testimony that he had locked the garage door prior to leaving for the evening. Appellant also points to Pawelczyk's testimony that no light switch box is visible in the garage, suggesting that appellant would have been unable to turn the garage lights on. In contrast, Sweeney testified that appellant simply pushed up the garage door and that the lights were turned on.
Fourth, appellant argues that Sweeney's testimony is discounted by her failure to scare off the persons she observed and her failure to report her observations until a few days later. These arguments simply go to Sweeney's credibility which is an issue primarily for the trier of fact.
Fifth, appellant points to Detective Lelless' testimony that no fingerprints were recovered, from the scene and that none of the stolen items were ever recovered. These facts do not negate appellant's involvement in the crime nor contradict other affirmative evidence of his involvement.
Sixth, appellant argues that the state failed to present credible evidence that the items stolen amounted to at least $500, classifying the theft offense as a fifth degree felony. Appellant argues that Pawelczyk did not present evidence of the value of any of the tools that were allegedly stolen from the garage or a copy of his homeowner's insurance policy covering the loss.
However, Pawelczyk testified that the value of the stolen items was over $1,000 and that his insurance company had issued a check for $1,000 in satisfaction of his homeowner's claim.
Based on the foregoing, we cannot say that the jury's verdict was against the manifest weight of the evidence. The record does not demonstrate that the jury lost its way and created a manifest miscarriage of justice by finding appellant guilty.
Accordingly, appellant's sole assignment is without merit.
The judgment of the trial court is hereby affirmed.
Cox, J., concurs Waite, J., concurs
 APPROVED: ___________________________ Gene Donofrio Judge